**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARIA DE LOS ANGELES DIAZ DELGADO,

Petitioner,

v. Case No. 3:26-cv-3123-TJC-LLL

FREDERICK STALY, *Sheriff of Flagler County, Florida, as immediate physical custodian*, et al.,

Respondents.

---

**ORDER**

On November 9, 2026, Petitioner Maria de Los Angeles Diaz Delgado, a 34-year-old immigration detainee from Cuba, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction, seeking an order prohibiting Respondents from transferring her outside the Middle District of Florida. (Doc. 3). On November 13, the Court granted Petitioner's emergency motion and temporarily enjoined Respondents from removing Petitioner from this district up to and including November 27. (Doc. 5). On November 20, Respondents filed a response to the Petition and request for a preliminary injunction. (Doc. 6).

On June 2, 2024, Petitioner was paroled into the United States (Id. at 2).

Her parole was valid until April 24, 2026. (Id.). On October 15, 2026, Petitioner was encountered by Immigration and Customs Enforcement ("ICE") in the Pascoe County Jail on the charge of Petit Theft. (Id.). She was placed in immigration custody pending removal proceedings the next day. (Id.). Petitioner is not subject to a final order of removal. (Doc. 1 at 6).

Petitioner argues that she is not subject to mandatory detention under 8 U.S.C. § 1225 because she was detained in the interior of the United States, not at the border. (Id. at 16). In support, Petitioner points to the Eleventh Circuit decision in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026), which held that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." As relief, she asks the Court to direct Respondents to release her, or alternatively, "a prompt hearing with an enforceable release consequence for noncompliance." (Doc. 1 at 21). Respondents contend ICE is detaining Petitioner under § 1225 as an arriving alien whose parole has terminated, or § 1226(a) in the alternative. (Doc. 6 at 2).

Respondents contend that "applicants for admission paroled into the country retain their status as those seeking lawful entry at the border once parole expires or is terminated[,] as opposed to the latter category of aliens that are merely present not seeking admission [as] contemplated in Hernandez Alvarez." (Id. at 7). However, Respondents acknowledge that "some Courts

ha[ve] not previously agreed with this position." (Id. at 1).

Although Hernandez Alvarez did not directly address the circumstance of a petitioner who is paroled into the United States and is detained years later, its reasoning also applies to this case. Petitioner was not seeking entry at the border when she was detained; therefore, she is not subject to § 1225. See 175 F.4th at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). The appropriate remedy is for Respondents to provide Petitioner with a meaningful bond hearing before an immigration judge, consistent with the regulations implementing § 1226(a). See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). If Respondents do not provide Petitioner with a meaningful bond hearing that complies with the requirements below, she must be released from custody.[1]

Lastly, Respondents argue against converting the Temporary Restraining Order into a Preliminary Injunction. (Doc. 6 at 9). However, the Court is

---

[1] Since the Court will grant the Petition based on Count One, it does not, and need not, address his other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

ordering Respondents to provide Petitioner with a bond hearing in short order. The original grounds for entering the Temporary Restraining Order remain and the Court sees no prejudice in extending the injunction until the hearing due date.

Accordingly, it is hereby

**ORDERED**:

1. Maria de Los Angeles Diaz Delgado's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**. No later than **December 4, 2026**, Respondents shall either (1) provide Petitioner with an individualized bond hearing before an immigration judge or (2) release Petitioner from custody.

2. If Respondents provide Petitioner with an individualized bond hearing, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by Petitioner and the factors announced in In re Guerra, 24 I&N Dec. 37 (BIA 2006). Furthermore, Petitioner's counsel must be given **48 hours advance notice** of the hearing.

3. If Respondents release Petitioner, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

4. No later than **December 8, 2026**, Respondents **shall FILE** a copy of the immigration judge's order following Petitioner's individualized bond hearing or inform the Court that she has been released from custody.

5. The Court's Temporary Restraining Order (Doc. 5) is converted to a Preliminary Injunction which shall expire on **December 4, 2026**.

6. The Clerk shall **enter judgment** granting the Petition and **close** the file.

7. The Court **retains jurisdiction** to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 23rd day of November, 2026.

Timothy J. Corrigan
TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record